IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | | |
|---|---|---|
| **KEVIN MICHAEL HUFFMAN,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:21-cv-00627 |
| | ) | |
| The **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

**COMES NOW**, Plaintiff Kevin Michael Huffman, by counsel, and for his Complaint states and alleges as follows:

## NATURE OF THE ACTION

1. This is an action against Defendant the United States of America under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b)(1) and 2671 *et seq.*, for the wrongful beating of Kevin Michael Huffman (hereinafter "Plaintiff") on July 23, 2019 while being taken into custody by agents of the United States Marshal Service (hereinafter, the "USMS") in Kanawha County, West Virginia.

2. Plaintiff has fully complied with the provisions of 28 U.S.C. § 2675 of the Federal Tort Claims Act.

3. By letter dated May 24, 2021, Plaintiff served his Notice of Claim on the USMS via certified mail. *See* 5/24/21 Letter, attached hereto as <u>Exhibit 1</u>. Plaintiff's Notice of Claim included a completed Standard Form 95, a narrative description of events, a copy of Plaintiff's medical records, and a copy of Plaintiff's signed contract with the undersigned counsel. *See id.*

4. By way of letter dated June 4, 2021, the USMS acknowledged acceptance of Plaintiff's Notice of Claim on <u>June 2, 2021</u>. *See* 6/4/21 Letter, attached hereto as <u>Exhibit 2</u>. In its letter, the USMS requested additional information in order to "administratively adjudicate" the claim. *See id*.

5. Pursuant to 28 U.S.C. § 2675(a), the USMS had six (6) months from receipt of Plaintiff's Notice of Claim to make a final disposition. Accordingly, the deadline for the USMS to adjudicate Plaintiff's Notice of Claim is <u>December 2, 2021</u>.

6. On June 29, 2021, Plaintiff sent a response letter to the USMS with the additional information requested in its 6/4/21 Letter. *See* 6/29/21 Letter, attached hereto as <u>Exhibit 3</u>. Plaintiff received no reply to this letter.

7. Subsequently, Plaintiff sent various other correspondence (via certified mail) to the USMS regarding his claim. *See* 8/18/21 and 9/21/21 Letters, attached hereto as <u>Exhibit 4</u>. Plaintiff received no responses to these letters.

8. Since the USMS has failed to make a final disposition of Plaintiff's Notice of Claim within six (6) months of receipt, Plaintiff's Notice of Claim should be deemed constructively denied and Plaintiff's administrative remedies exhausted. *See* 28 U.S.C. § 2675(a); *see also GAF v. U.S.*, 818 F.2d 901, 918 (U.S. App. D.C. 1987) ("failure of an agency to make final disposition of a claim within six months of filing entitles the claimant any time thereafter to treat the claim as denied and file suit"); *Liburd v. Platzer*, 1990 U.S. Dist. LEXIS 18318. *10-12 (D. V.I. 1990).

**JURISDICTION AND VENUE**

9. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1346(b)(1) in that this action arises under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b)(1) and 2671 *et seq*.

10.     Venue is proper because the incident giving rise to this Complaint occurred in the Southern District of West Virginia, Charleston Division.

## PARTIES

11.     Plaintiff Kevin Michael Huffman was at all times relevant hereto a resident of Kanawha County, West Virginia.

12.     The United States Marshal Service is a federal agency under the auspices of the United States Department of Justice, a department of the United States of America.  Even though the USMS, through its agents and employees acting within the scope of their employment, is the party responsible for the injuries sustained by Plaintiff, the United States of America is the proper Defendant in this action pursuant to 28 U.S.C. § 2679(d)(2).

## FACTS

13.     Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 12 as though fully set forth herein.

14.     On June 23, 2019, Plaintiff was beaten by two USMS deputies – Mike King and Scott Hill – while being taken into federal custody in Charleston, West Virginia.

15.     Even though Plaintiff was unarmed, not resisting arrest, and fully compliant with his arresting officers, Deputy King and Deputy Scott repeatedly punched him in the face, kicked and kneed him in the back/ribs, and struck him forcefully on the back of the head with a blunt object.

16.     All of this was done while Plaintiff was rear-handcuffed and lying face-down on the floor.

17.     Following the brutal beating at the hands of Deputy King and Deputy Scott, Plaintiff was taken to Charleston Area Medical Center (CAMC) for medical treatment.

18. At CAMC, Plaintiff was diagnosed with, *inter alia*, three (3) fractured ribs, a pneumothorax (collapsed lung), a plural effusion (blood in lung), and hematuria (blood in the urine), after being "assaulted by police." *See* Ex. 1.

19. Deputy King has a long and well-documented history of violence, murder, and use of excessive force in his capacity as a law enforcement officer. To date, Deputy King has had at least four (4) lawsuits filed against him alleging excessive use of force: *Rhodes v. King*, Civil Action No. 2:19-cv-00625 (S.D. W.Va.); *Nichols v. King*, Civil Action File No. 2:21-cv-00090 (S.D. W.Va.); *Idleman v. King*, Civil Action File No. 2:19-cv-00069 (S.D. W.Va.); *Fields v. King*, Civil Action File No. 2:2021-cv-00090 (S.D. W.Va.).

## **NEGLIGENT/WRONGFUL CONDUCT**

20. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 19 as though fully set forth herein.

21. At all times relevant hereto, the USMS, through its agents and employees, owed Plaintiff a duty of care.

22. At all times relevant hereto, the USMS, through its agents and employees, had a duty to ensure the reasonable safety of citizens taken into custody, including Plaintiff.

23. At all times relevant hereto, the USMS, through its agents and employees, had a duty to not use excessive or unreasonable force when taking citizens taken into custody.

24. At all times relevant hereto, the USMS, through its agents and employees, had a duty to not unjustifiably injure citizens taken into custody.

25. At all times relevant hereto, the USMS, through its agents and employees, had a duty to properly train and supervise its deputies to ensure, *inter alia*, the reasonable safety of citizens taken into custody.

26. As set forth hereinabove, the USMS, through its agents and employees, breached its duty of care to Plaintiff by, *inter alia*:

   a) Unjustifiably beating Plaintiff;

   b) Beating Plaintiff while rear-handcuffed;

   c) Beating Plaintiff when he was unarmed, not resisting arrest, and otherwise compliant;

   d) Beating Plaintiff when he did not pose an objectively reasonable threat to the safety of Deputy King, Deputy Scott, or anyone else;

   e) Failing to properly supervise USMS deputies to ensure the safety of citizens taken into custody; and

   f) Failing to properly train USMS deputies to ensure the safety of citizens taken into custody.

27. At all times relevant hereto, Deputy King and Deputy Scott were acting within the scope of their employment.

28. As a direct and proximate result of the USMS's breach of its duties of care, Plaintiff suffered severe and painful injuries.

29. As a direct and proximate result of the USMS's negligent, reckless, and wrongful conduct, Plaintiff suffered severe, permanent, and debilitating injuries, and will seek compensation for: past and future medical expenses and other economic and noneconomic damages; pain and suffering both in the past and in the future; an impairment of the capacity to enjoy life, both in the past and in the future; annoyance, aggravation, inconvenience, and mental anguish, both in the past and in the future.

**WHEREFORE**, Plaintiff demands judgment in his favor against the United States of America in an amount to be proven at trial, together with post-judgment interest; for all damages recoverable under the law; for expenses and costs of litigation; and for such other and further relief this Honorable Court deems just and proper.

        **KEVIN MICHAEL HUFFMAN**
        **By Counsel**

        */s/ Russell A. Williams*
        Russell A. Williams
        WV State Bar No. 12710
        New, Taylor & Associates
        430 Harper Park Drive
        Beckley, West Virginia 25801
        Phone: (304) 250-6017
        Fax: (304) 250-6012
        russell@newtaylorlaw.com